Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.FightForUrRights.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

| | |
|---|---|
| Juan Berrio Hernandez *individually and on behalf of others similarly situated* | |
| *Plaintiff,* | **1st AMENDED COMPLAINT** |
| | |
| Brookstone Developers LLC and SKM Carpentry & Remodeling LLC | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| *Defendants.* | **ECF Case** |

-----------------------------------------------------------------X

Plaintiff Juan Berrio Hernandez, brings this Class and Collective Action Complaint on behalf of himself and similarly situated co-workers against Brookstone Developers LLC and SKM Carpentry & Remodeling LLC , (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), N.Y. Lab Law § 191, and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

## NATURE OF ACTION

1. This Class and Collective Action Complaint seeks to recover unpaid wages, overtime compensation, for Plaintiff and similarly situated co-workers who have been employed by Defendants to work in Brookstone Developers LLC and SKM Carpentry & Remodeling LLC for some or all the time period relevant to this action (the relevant time period being set by the federal and state claims' respective statutes of limitations).

2. Plaintiff is a former employee of Defendants who was employed as a construction worker at Brookstone Developers LLC and SKM Carpentry & Remodeling LLC in New York.

3. Brookstone Developers LLC and SKM Carpentry & Remodeling LLC are New York Corporations.

4. At all relevant times, Plaintiff regularly work for Defendants in excess of 40 hours per week without receiving appropriate overtime compensation for any of the hours that he worked.

5. At all relevant times, Defendants failed to maintain accurate recordkeeping as required by the FLSA and the NYLL.

6. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

7. Plaintiff now bring this Class and Collective Action on behalf of himself and other similarly situated individuals, for federal and state claims relating to unpaid wages, unpaid

overtime wages, failure to maintain records pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

8. In connection with the above-mentioned allegations and claims, Plaintiff seeks compensatory damages as well as applicable liquidated damages, interest, attorney's fees and costs.

9. Plaintiff seeks certification of this action as a collective action under 29 U.S.C. § 216(b) on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants, and as a putative class action under FRCP 23 with respect to the New York state law claims.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 USC §§1331, and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 USC § 1367.

11. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

12. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

13. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Corporate Defendants reside in this District, Plaintiff resides in this District, and because a substantial part of the events that are the subject of the litigation transpired in this District.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

14. Plaintiff bring his FLSA claims on behalf of himself and all similarly situated persons who work or have worked for Defendants on or after September 1, 2016 who elect to opt-in to this action (the "FLSA Collective").

15. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

16. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   a. Willfully failing to pay overtime wages for hours worked in excess of 40 hours per week;

   b. Willfully failing to keep records that satisfy statutory requirements.

17. At all relevant times, Plaintiff and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the require overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

18. The claims of Plaintiff stated herein are similar to those of the other employees and Plaintiff and the FLSA Collective all perform or performed the same primary duties.

19. Defendants are aware that FLSA required them to pay employees performing non-exempt duties, including Plaintiff and the FLSA Collective overtime premium for hours worked in excess of 40 hours per workweek.

20. Defendants' unlawful conduct has been widespread, repeated and consistent.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings certain NYLL claims pursuant to FRCP 23 on behalf of all of the Defendants' employees who work or have worked for Defendants from January 2017 and the date of final judgment in this matter ("the Class").

22. Excluded from the Class are, inter alia, Defendants' employees who will submit timely and otherwise proper requests for exclusion from the Class.

23. On information and belief, the size of the Class is roughly 75 individuals. Although the precise number is unknown, the facts on which the calculation of that number depends are presently within the sole control of the Defendants.

24. Common questions of law and fact exist as to the Class that predominates over any questions only affecting them individually and include, but are not limited to, the following:

    a. Whether Defendants violated Article 6 of the NYLL and the supporting NYS Department of Labor regulations;

    b. Whether Defendants failed to compensate the Class for hours worked in excess of 40 hours per workweek;

      c. Whether Defendants misclassified Plaintiff and members of the Class as exempt;

      d. Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class, and other records required by the NYLL;

      e. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

      f. The nature and extent of class-wide injury and the measure of damages for those injuries.

25. Plaintiffs' claims are typical of the Class's claims that he seeks to represent. Defendants employed Plaintiff and the Class in New York State. Plaintiff and the Class enjoy the same NYLL rights to receive overtime; to be protected from unlawful deductions; to have legally sufficient record-keeping. Plaintiff and the Class have all sustained similar type of damages as a result of Defendants' non-compliance with the NYLL. Plaintiff and the Class have all been injured by virtue of Defendants under compensation of them or Defendants' failure to compensate them due to Defendants' common policies, practices and patterns of conduct.

26. Plaintiff will fairly and adequately represent and protect the interests of the Class's members. Plaintiff understands that as class representative he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the conduct of the

litigation and its possible settlement, he must not favor his own interests over the Class's interests. Plaintiff recognizes that any resolution of a class action must be in the best interest of the Class. Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition/trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Class.

27. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices and procedures. Although the relative damages suffered by individual members of the Class are not <u>de minimis</u>, such damages are small compared to the expense and burden of individual prosecution of this litigation. For example, Class members lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

28. This action is properly maintainable as a class action under FRCP 23(b)(3).

## **PARTIES**

*Plaintiff*

29. Plaintiff Juan Berrio Hernandez, ("Plaintiff Berrio") is an adult individual residing in Brooklyn, NY. Plaintiff Berrio worked for Defendants for (2) two years. At all relevant times

to this complaint, Plaintiff Berrio was employed by Defendants to work as a construction worker at their company located at 5913 20th Ave Brooklyn, NY 11204.

30. Plaintiff consent to be parties pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b) and as representatives of the Proposed Class.

*Defendants*

31. Corporate Defendants have owned, operated and controlled Brookstone Developers LLC and SKM Carpentry & Remodeling LLC; all times relevant to this complaint.

32. On information and belief, Brookstone Developers LLC and SKM Carpentry & Remodeling LLC is a corporation organized and existing under the laws of the State of New York.

33. Upon information and belief Brookstone Developers LLC and SKM Carpentry & Remodeling LLC, collectively has more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

34. On information and belief, the operations of Brookstone Developers LLC and SKM Carpentry & Remodeling LLC, individually and collectively implicate interstate commerce insofar as these Defendants rely heavily on products that has been transported across state lines.

**COMMON FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

35. Defendants operate a business where the Plaintiff worked. At all relevant times, Brookstone Developers LLC and SKM Carpentry & Remodeling LLC : possess or possessed operational control over Defendant Corporations; possess or possessed an ownership interest in

Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

36. Corporate Defendants act in the interest of themselves with respect to employees, pay employees by the same method, and share control over the employees.

37. At relevant times, each Corporate Defendant possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

38. Corporate Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiffs' and all similarly situated individuals' employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

39. In the alternative, Corporate Defendants constitute a single employer of Plaintiff and/or similarly situated individuals, as the corporate divisions between them are fictional.

40. At all relevant times, Corporate Defendants were Plaintiffs' employers within the meaning of the FLSA, NYLL and other law.

41. Corporate Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

42. Corporate Defendants supervised Plaintiffs' work schedules and conditions of their employment.

43. Corporate Defendants also determined the rate and method of payment for Plaintiff and other similarly situated employees.

44. Corporate Defendants also controlled and guided what limited recordkeeping that took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

*Individual Plaintiff Juan Berrio Hernandez*

45. Plaintiff Juan Berrio Hernandez is a former employee of Defendants, primarily employed in performing the duties of a construction worker.

46. Plaintiff did not work at his own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at his pleasure but rather was controlled by Defendants.

47. Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiffs' employment for Defendants was physical labor. Plaintiff did not receive salary and these primary duties.

48. Plaintiff commences this action as a collective action under 29 U.S.C. § 216(b) and as a putative class action under FRCP 23 with respect to the New York state law claims.

49. Plaintiff Berrio worked with Defendants for about (2) two years. From August 2020 until September 23, 2022.

50. Plaintiff Berrio regularly handled goods in interstate commerce, such as cement were produced outside of the State of New York.

51. Plaintiff Berrio work duties required neither discretion nor independent judgment.

52. Throughout his employment with Defendants, Plaintiff Berrio worked in excess of 40 hours per week.

53. Plaintiff Berrio's work schedule was typically from Monday to Friday, from 6:00 A.M to 6:00 P.M, on Fridays he had to work until 12 P.M. Approximately (60) sixty hours per week, 5 days per week. Plaintiff was not required to punch in or out.

54. Plaintiff Berrio's payment was $19 per hour in 2020 and $20 per hour in 2021-2022 all paid by check.

55. Defendants never paid overtime for hours beyond (40) per week. Plaintiff was paid at straight time or $20 per hour.

56. Defendants did not provide Plaintiff Berrio with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

57. Defendants never provided Plaintiff Berrio with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

58. Defendants regularly required Plaintiff to work without paying him the proper overtime wages or spread of hours compensation.

59. Defendants willfully disregarded and purposefully evaded record-keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain <u>accurate</u> and complete timesheets and payroll records.

60. By employing this practice, Defendants avoided paying Plaintiff at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

61. Defendants failed to post require wage and hour posters and did not provide Plaintiff with statutorily require wage and hour records or statements of his pay received, in part

so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

62. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff properly.

63. Defendants did not provide Plaintiff and similarly situated employees with the wage statements and annual pay notices required by NYLL §§195(1) and 195(3).

64. Defendants failed to provide Plaintiff and other employees with <u>accurate</u> wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as require by NYLL §195(3).

65. Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before September 1, 2016 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as require by New York Labor Law §195(1).

**FIRST CAUSE OF ACTION**
**(Violation of FLSA Overtime/ /Recordkeeping Provisions)**

66. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

68. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70. Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

71. Defendants' failure to pay Plaintiff (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72. Defendants took unlawful deductions from Plaintiffs' earned wages and the FLSA Collective's earned wages.

73. Defendants failed to satisfy the FLSA's recordkeeping requirements.

74. Defendants acted willfully in their violations of the FLSA's requirements.

75. Plaintiff (and the FLSA Collective) was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(Violation of the Overtime/Unpaid Wages/Recordkeeping)**

76. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

77. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

78. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay

for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

79. Defendants' failure to pay Plaintiff (and the Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

80. Plaintiff (and the Class Members) were damaged in an amount to be determined at trial.

81. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants' failure to pay Plaintiff (and the Class) an additional hour's pay for each day Plaintiffs' (and the Class) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

83. Plaintiff (and the Class members) were damaged in an amount to be determined at trial.

84. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

85. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as require by NYLL §195(1).

86. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

87. Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

88. Defendants acted willfully in their violation of the above-described NYLL requirements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, its nature, and their right to join, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b) Certifying this case as a Class Action pursuant to FRCP 23 of the FRCP;

(c) Designating Plaintiff as Class Representatives, reasonable service awards for each Plaintiff, and his counsel of record as Class Counsel;

(d) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(e) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours.

(f) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff and the FLSA class members;

(g) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages.

(h) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any

improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the Class;

(j) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA Class members compensation, hours, wages; and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the FLSA Class members;

(l) Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(m) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o) Awarding Plaintiff and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(q) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 17, 2023

                                LINA STILLMAN, ESQ.

                                ___/s/ *Lina Stillman*_____
                              By:     STILLMAN LEGAL, P.C.