

**VIA ECF**
Vera Scanlon
United States District Court
Eastern District of New York
Via ECF


Your Honor,

This firm represents plaintiff Barrios ("Plaintiff") in the above-referenced matter. Plaintiff writes jointly with defendants SKM Carpentry and Remodeling LLC ("Defendants") (Plaintiff and Defendants collectively referred to as the "Parties") to request Court approval of their settlement agreement (the "Agreement"), annexed hereto as Exhibit A, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

This letter will provide support for the Parties' fair and reasonable settlement sum of ($12,000) Twelve Thousand Dollars. It will also provide the Court with the required information regarding Plaintiff's attorneys' fees so that the Court can determine whether the requested award of $4,552 in fees and costs is fair and reasonable.

This Agreement represents a good faith effort between experienced labor and employment counsel to negotiate an action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), resulting in a settlement that provides Plaintiff with a satisfactory recovery of his damages under applicable law. The Parties have determined that their interests are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. Thus, the settlement satisfactorily resolves the Parties' *bona fide* dispute.

For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the Agreement as fair and reasonable.


**Plaintiff's Allegations and Defendant's Responses**

On October 25th, 2022 Plaintiff, represented by counsel, commenced a wage and hour lawsuit against Defendant (the "Complaint"). The Complaint alleges that Defendants violated the FLSA and NYLL. Specifically, Plaintiff alleges that he worked for Defendants and they

Defendant failed to pay him his overtime wages despite allegedly working over (60) sixty a week almost every week.

Defendants: Defendants deny the Plaintiff's allegations regarding the hours that he worked and the amount that he was paid. Defendants have provided Plaintiff's legal counsel with payroll documents and information which Defendants believe undercut Plaintiff's assertions regarding the hours that he worked and the amount that he was paid.

In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining and without resort to protracted litigation.

## I. The Settlement is Fair and Reasonable

The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. 2015) provides that stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the Department of Labor. An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the Parties. This is because the Agreement: (1) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses and accounts for the risks in proceeding with the litigation; and (2) is the product of arm's length bargaining between experienced labor and employment counsel which was devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

*The Risk and Expenses Faced by the Parties*

Both Parties in this matter faced substantial risk in moving forward in this litigation. In the event that a trier of fact determined that Plaintiff was paid all wages correctly in a timely manner, Plaintiff's wage and hour claims would be in jeopardy. In addition, Plaintiff faced the prospect of waiting many months, if not years, for the matter to proceed through trial for a relatively low amount of money. At this stage of the proceedings, Plaintiff is obtaining a near full recovery of his alleged FLSA unpaid wages without having to go through the time-consuming and risky process of litigating his claims.

Conversely, while Defendants were confident that they would be able to challenge Plaintiff's claims successfully, Defendants were mindful of the risk that Plaintiff may have prevailed on some claims and that even if Defendants were ultimately successful, it would have only occurred after protracted litigation and at a high cost. The litigation costs and risk of liability for Defendants, even if such risk is remote, weighed in favor of early resolution. Accordingly, both Parties faced substantial risks in proceeding with the litigation, which weighs in favor of approval of the Agreement.

*<u>The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion</u>*

This Agreement was the product of legitimate bargaining between experienced labor and employment counsel devoid of any resemblance of fraud or collusion. Plaintiff's counsel zealously advocated on behalf of her client from the inception of this matter through negotiating the amount of the settlement to memorializing the terms of same. Similarly, Defendants' counsel worked to ensure that Defendants reached a settlement where Plaintiff was not receiving any more than he may be entitled to in the event he was successful at trial while considering the expensive cost of lengthy litigation.

The Agreement constitutes an effort by experienced labor and employment counsel for both Parties to resolve the dispute under the best possible circumstances for their respective clients. Accordingly, the Agreement should be approved by the Court.

Importantly, the Agreement reached by the Parties does not contain any prohibited clauses that Courts have found inappropriate for inclusion in FLSA settlements post-*Cheeks* – such as a confidentiality clause – and the release of claims set forth in the Agreement is limited to wage and hour claims only and is not a prohibited general release of claims.

II. **Plaintiff's Application for Attorney's Fees Should be Approved**

Given Plaintiff's counsel's significant experience representing plaintiffs in New York in wage and hour litigation, Plaintiff obtained an excellent result with relatively small expenses. A brief biography of the attorney who performed billed work in this matter is as follows:

      a. Lina Stillman has been practicing law since 2012. From 2012 to 2015, she was an associate at two (2) law firms where she practiced exclusively in the areas of Labor and Employment, emphasizing wage and hour litigation.
She opened her law firm in response to the immigrant community's need for honest Spanish and Portuguese-speaking attorneys to care for their interests exclusively. Miss Stillman speaks fluent Spanish, Italian, and Portuguese and can translate, interpret, and communicate with all her clients without the need for a translator in all (3) three languages etc.
She is an active member of the LGBT Rights Committee of the New York City Bar Association and active Pro Bono Counsel at the Associations Bankruptcy Clinic and the New York Chapter of the National Employment Lawyers Association.

Plaintiff's counsel seeks an award of $4,552.00 consisting of $4,000.00 or a third of $12,000.00. The federal court filing fee of $402.00 and the service of process costs of $152.00.

Plaintiff's counsel respectfully submits that such a fee award is well within the realm of acceptable fee awards for FLSA settlements. The agreed-upon amount of $4,000 is fair and reasonable in light of the time, effort, and expertise dedicated to achieving this settlement.

The fee reflects the contingency arrangement entered into with the plaintiff and is commensurate with the complexity of the case, the resources invested, and the successful outcome achieved. The fee has been agreed upon and accepted by the plaintiff, indicating their satisfaction with the representation provided.

**Conclusion**

For all of the reasons above, the Parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement. Counsel represented Plaintiff throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on her client's approval. The Plaintiffs' interests have thus been adequately safeguarded. In full consideration of all the issues, we believe that the Parties' agreement is fair and reasonable and that the settlement should be approved.

In conclusion, the settlement agreement reached between the parties is fair and reasonable, taking into account the factors outlined in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199. We respectfully request the Court's approval of the settlement agreement, recognizing that it represents the best outcome for all parties involved.

                              Respectfully submitted,

                                            <u>/s/Lina Stillman</u>

cc:    All counsel (*via* ECF)