## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made this day ___ of July, 2023, by and between the Defendant SKM Carpentry and Remodeling LLC ("RELEASEE" or "DEFENDANT"), and Plaintiff Juan Berrio Hernandez ("PLAINTIFF" or "RELEASOR") (hereinafter the "Parties").

## RECITALS

1. WHEREAS, on January 19, 2023, PLAINTIFF filed an Amended Complaint against the DEFENDANT in the United States District Court, Eastern District of New York, such case being styled, *Juan Berrio Hernandez v. Brookstone Developers LLC and SKM Carpentry & Remodeling LLC, Case No. 22-cv-06475-MKB-VMS* (the "Lawsuit"), and

2. WHEREAS, in this Lawsuit, PLAINTIFF alleged, among other things, that RELEASEE failed to pay him overtime pay in connection with services that he performed on RELEASEE'S behalf, failed to provide him with wage notices, and further failed to provide him with accurate statements of wages; and

3. WHEREAS, no Court has considered or determined the claims presented; and

4. WHEREAS, RELEASEE denies PLAINTIFF'S allegations in their entirety and admits no wrongdoing nor any liability with respect to PLAINTIFF'S allegations; and

5. WHEREAS, PLAINTIFF and the RELEASEE wish to compromise and settle all of their respective claims against the other relating to the Lawsuit.

NOW THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, PLAINTIFF AND RELEASEE (collectively, "The Settling Parties") agree as follows:

## AGREEMENT

1. **Consideration.** The Settling Parties are entering into this Settlement Agreement and Release in exchange for good and valuable consideration. PLAINTIFF agrees that he will not seek any further consideration from RELEASEE, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2. **Settlement Compensation**. In consideration of the release and other obligations entered into by the Parties pursuant to this Agreement, the RELEASEE agrees to issue the following payments, totaling TWELVE THOUSAND DOLLARS ($12,000.00), to the PLAINTIFF:

A. To Juan Berrio Hernandez, the gross amount of $7,448.04 representing civil monetary penalties, subject to the issuance of a 1099 Form;

B. To Stillman Legal PC the gross amount of $4,551.96 for litigation expenses, subject to the issuance of a 1099 form.

Without limiting the terms of this Agreement, the parties hereto agree and acknowledge that the Settlement Payments are in full and final disposition and complete satisfaction of any and all claims against RELEASEE by PLAINTIFF, including, but not limited to, claims for attorneys' fees, disbursements and costs. PLAINTIFF expressly directs RELEASEE to make the Settlement Payments, as detailed above, to his legal counsel, acknowledges that receipt of the Settlement Payments by his legal counsel constitutes receipt thereof by PLAINTIFF, and agrees that the Settlement Payments constitute an accord and satisfaction.

3. **Delivery. All checks shall be sent to:**

> STILLMAN LEGAL PC
> 42 Broadway, 12th Floor
> Suite 12-139
> New York, New York 10004

4. **Timing**. DEFENDANT shall pay the CLAIMANT the total sum of TWELVE THOUSAND DOLLARS AND ZERO CENTS ($12,000.00), as set forth in Section 2, supra. Payment and release of all settlement monies is contingent upon (a) the CLAIMANT returning a signed copy of this Agreement to Defendant's legal counsel, (b) receipt of a Court Order approving this Agreement as fair and reasonable, and "So-Ordering" a Stipulation of Dismissal in the same form as annexed hereto as Exhibit "A"; and (c) the receipt, by DEFENDANT'S legal counsel, of fully completed and executed W9 form from the CLAIMANT, as well as a fully completed and executed W9 form from Stillman Legal PC (the "Contingencies").

Payment shall be made in six (6) equal monthly installments, as follow:

a) The amount of TWO THOUSAND DOLLARS ($2,000.00) shall be paid within thirty (30) days of the last Contingency set forth above in this Section being completed, payable as follows:

(i) To Juan Berrio Hernandez, the gross amount of $1,241.34 representing civil monetary penalties, subject to the issuance of a 1099 Form;

(ii) To Stillman Legal PC the gross amount of $758.66 as and for attorneys' fees and litigation expenses, subject to the issuance of a 1099 form.

b) The amount of TWO THOUSAND DOLLARS ($2,000.00) shall be paid within sixty (60) days of the last Contingency set forth above in this Section being completed, payable as follows:

(i) To Juan Berrio Hernandez, the gross amount of $1,241.34 representing civil monetary penalties, subject to the issuance of a 1099 Form;

(ii) To Stillman Legal PC the gross amount of $758.66 as and for attorneys' fees and litigation expenses, subject to the issuance of a 1099 form.

c) The amount of TWO THOUSAND DOLLARS ($2,000.00) shall be paid within ninety (90) days of the last Contingency set forth above in this Section being completed, payable as follows:

(i) To Juan Berrio Hernandez, the gross amount of $1,241.44 representing civil monetary penalties, subject to the issuance of a 1099 Form;

(ii) To Stillman Legal PC the gross amount of $758.66 as and for attorneys' fees and litigation expenses, subject to the issuance of a 1099 form.

d) The amount of TWO THOUSAND DOLLARS ($2,000.00) shall be paid within one hundred twenty (120) days of the last Contingency set forth above in this Section being completed, payable as follows:

(i) To Juan Berrio Hernandez, the gross amount of $1,241.34 representing civil monetary penalties, subject to the issuance of a 1099 Form;

(ii) To Stillman Legal PC the gross amount of $758.66 as and for attorneys' fees and litigation expenses, subject to the issuance of a 1099 form.

e) The amount of TWO THOUSAND DOLLARS ($2,000.00) shall be paid within one hundred fifty (150) days of the last Contingency set forth above in this Section being completed, payable as follows:

(i) To Juan Berrio Hernandez, the gross amount of $1241.34 representing civil monetary penalties, subject to the issuance of a 1099 Form;

(ii) To Stillman Legal PC the gross amount of $758.66 as and for attorneys' fees and litigation expenses, subject to the issuance of a 1099 form.

f) The amount of TWO THOUSAND DOLLARS ($2,000.00) shall be paid within one hundred eighty (180) days of the last Contingency set forth above in this Section being completed, payable as follows:

(i) To Juan Berrio Hernandez, the gross amount of $1,241.34 representing civil monetary penalties, subject to the issuance of a 1099 Form;

(ii) To Stillman Legal PC the gross amount of $758.66 as and for attorneys' fees and litigation expenses, subject to the issuance of a 1099 form.

In the event that DEFENDANT fails to make any of the payments when due as set forth herein, CLAIMANT'S counsel shall send a notice of default to DEFENDANT'S legal counsel, David S. Feather, Esq., Feather Law Firm, P.C., 666 Old Country Road, Suite 509, Garden City, NY 11530 and via e-mail to dfeather@featherlawfirm.com. DEFENDANT shall have ten (10) days from the date of said notice to cure any such default (the "Cure Period"). In the event that payment is not made within the Cure Period, CLAIMANT shall be entitled to file the Confession of Judgment against Defendant SKM Carpentry & Remodeling LLC in the form attached hereto as Exhibit B, and to enter judgment in the amount of 100% of the then-outstanding Settlement Amount due and owing by Defendant (that is, the sum of $12,000.00 minus any monies paid by or on behalf of DEFENDANT). CLAIMANT'S legal counsel, Lina Stillman, Esq., shall hold the Confession of Judgment in escrow pending payment in full of the Settlement Amount due and owing by Defendant, and shall not release the original nor any copies of the Confession of Judgment to any third parties, including but not limited to the Plaintiff herein.

Ms. Stillman shall return the original and all photocopies of the Confession of Judgment to DEFENDANT'S legal counsel upon the payment by DEFENDANT of the full $12,000.00 that it is responsible to pay under this Agreement.

5. **Other Payments.** Except as provided in this Agreement, no other payments are owed to the PLAINTIFF.

6. **Taxes**. The PLAINTIFF agrees to pay all federal, state and/or local taxes, if any, which are required by law to be paid by him with respect to this settlement in a timely fashion. The PLAINTIFF further agrees that in the event RELEASEE becomes liable for payment of any taxes, or fines related to unpaid taxes, by any government entity for any amounts PLAINTIFF was responsible to pay for amounts received pursuant to this Agreement, PLAINTIFF will indemnify RELEASEE for any such taxes or fines, as well as reasonable costs and reasonable attorneys' fees incurred by the DEFENDANT.

7. **Release of All Fair Labor Standards Act And New York Labor Law Related Claims.** In consideration for the foregoing, the RELEASOR, on his behalf and on behalf of his dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, do hereby knowingly, voluntarily, unconditionally and irrevocably **WAIVE, RELEASE** and **FOREVER DISCHARGE** RELEASEE and each and every one of its divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasee"), from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements,

bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising solely under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor, for any and all FLSA and NYLL wage-and-hour claims arising out of RELEASOR'S employment with DEFENDANT, up to and including the date RELEASOR signs this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the RELEASOR may assert anywhere in the world against the RELEASEE, or any of them including by not limited to, alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, improper deductions, spread of hours, liquidated damages, interest, costs, penalties or attorneys' fees under any federal, state or local laws, based upon any conduct occurring from the beginning of RELEASOR'S employment with RELEASEE to the date of the RELEASOR'S execution of this Agreement ("Wage Claims").

Without limiting the terms of this Agreement, the parties hereto agree and acknowledge that the Settlement Payments are in full and final disposition and complete satisfaction of any and all Wage Claims against Defendant by RELEASOR including, but not limited to claims for attorneys' fees, disbursements and costs.

8. **Dismissal.** PLAINTIFF agrees to the dismissal of the Lawsuit with prejudice. Upon full execution of this Agreement, or within (5) five business days thereof, the parties agree that the PLAINTIFF'S legal counsel will cause to be filed with the Court a Stipulation of Discontinuance with Prejudice in the same form as annexed hereto as Exhibit "A".

9. **No Charges Exist and No Charges Will Be Filed for Released Claims.** PLAINTIFF represents that, other than the matter of *Juan Berrio Hernandez v. Brookstone Developers LLC and SKM Carpentry & Remodeling LLC, Case No. 22-cv-06475-MKB-VMS*, currently pending in United States District Court, Eastern District of New York, he does not currently have pending before any court (U.S. or foreign) or before any federal, state, or local governmental agency (U.S. or foreign) any dispute of any kind against. PLAINTIFF agrees that any claim that is brought for claims released by this Agreement, will be automatically dismissed, and RELEASEE will be entitled to reasonable costs and reasonable attorneys' fees incurred in defending against any such claims/charges.

10. **Remedy for Breach of Promises.** In the event the PLAINTIFF commences, joins, or otherwise asserts an action based on events related to his employment with or separation from RELEASEE which is precluded by this Agreement, he will, to the extent allowed by law, forego the right to compensation under this Agreement, repay any money paid under this Agreement, together with the maximum interest allowed by law, and pay all of the RELEASEE'S costs, including, without limitation, reasonable attorneys' fees, for prosecution or defense of the action. Also, RELEASEE will be entitled to any further relief as deemed appropriate by any court or other relevant tribunal.

11. **Advice of Counsel.** All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing.

PLAINTIFF hereby represents that he has consulted his attorney(s) about this Agreement before signing it.

12. **Governing Law and Interpretation.** The Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision.

13. **Exclusive Jurisdiction.** Any claim, dispute or disagreement arising under or in any way relating to this Agreement shall be submitted to a New York State Court of competent jurisdiction located in Nassau County, New York, or the Federal District Court for the Eastern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute or disagreement, and the parties' consent to the personal jurisdiction of those courts.

14. **Non-Admission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of any consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct.

15. **Absence of Reliance.** The parties acknowledge that in agreeing to this Agreement, they have not relied in any way upon representations or statement of the other party other than those representations or statements set forth in this Agreement.

16. **Entire Agreement.** This Agreement, including any and all Exhibits, set forth the entire agreement between the parties, and supersedes any prior contracts, agreements, or understandings between the parties.

17. **Amendment.** This Agreement may not be modified, altered, or changed except upon express, written consent of all parties, which includes specific reference to this Agreement.

18. **Severability.** In the event any provision contained in this Agreement shall be determined to be invalid, illegal or otherwise unenforceable, all remaining provisions in this Agreement shall remain in full force and effect. Should the release language be null and void, the parties will execute a new or supplemental agreement which will correct this failing, without receiving any additional consideration because this Agreement was provided with the expectation that it would be fully enforceable.

19. **Section Headings.** The sections headings are solely for convenience of reference and shall not in any way affect the interpretation of this Agreement.

20. **Counterparts/Electronic/Electronic Signature.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if PLAINTIFF and DEFENDANT have signed the same instrument. Any Party may execute this Agreement by physically signing on the designated signature block below and transmitting that signature page *via* facsimile and/or email to counsel for the other Party. Any signature made and transmitted by facsimile and/or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile.

21. **Notices.** Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and sent by both "overnight" or "one-day" mailing service addressed to such other Party at the address(es) set forth below, and via e-mail to the DEFENDANT'S legal counsel. Notice shall be deemed communicated from the date of actual receipt of the overnight delivery. The addresses for notice are as follows, unless otherwise specified:

| PARTY | ADDRESS | COPY TO: |
|---|---|---|
| Defendant | David S. Feather, Esq.<br>FEATHER LAW FIRM, P.C.<br>666 Old Country Road, Suite 509<br>Garden City, NY 11530<br>e-mail: DFeather@FeatherLawFirm.com | |
| Plaintiff | Lina Stillman, Esq.<br>STILLMAN LEGAL PC<br>42 Broadway, 12th Floor<br>New York, NY 10004<br>ls@stillmanlegalpc.com | Abigail Ruiz<br>AR@StillmanLegalPC.com |

**THE PARTIES ARE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE VOLUNTARILY AND KNOWINGLY.**

**THE PARTIES ACKNOWLEDGE THAT THIS SETTLEMENT AGREEMENT AND RELEASE WAS TRANSLATED INTO A LANGUAGE UNDERSTOOD BY THE PARTIES, THAT THEY HAVE HAD THE OPPORTUNITY TO REVIEW AND CONSIDER THE TERMS AND PROVISION OF THIS AGREEMENT, AND THAT THEY HAVE CONSULTED WITH THEIR LEGAL COUNSEL BEFORE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE.**

**THIS IS A LEGAL DOCUMENT – READ CAREFULLY BEFORE SIGNING.**

The parties knowingly, voluntarily and with the approval of their counsel executed this Agreement as of the date set forth below:

_____          Dated: 5/15/23
Juan Berlio Hernandez

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF Kip         )

7

On the 5th day of July, 2023 before me came Juan Berrio Hernandez, to me known and known to me to be the individual described herein, and who executed, the foregoing instrument, and acknowledged to me that he executed the same.

_____
Notary Public

_____
Nelson Gubolin
on behalf of SKM Carpentry
& Remodeling LLC

SUI PING LAU
Notary Public - State of New York
NO. 01LA6245894
Qualified In Kings County
My Commission Expires Aug 8, 2023

8

Scanned with CamScanner

# SCHEDULE "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JUAN BERRIO HERNANDEZ,   Docket No. 22-cv-06475

                Plaintiff,

      -against-   **STIPULATION OF**
                                                **DISCONTINUANCE**
BROOKSTONE DEVELOPERS LLC and   **WITH PREJUDICE**
SKM CARPENTRY & REMODELING LLC,

                Defendants.
-----------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, the attorneys of record for all the parties to the above-entitled action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above-entitled action be, and the same hereby is discontinued with prejudice without costs to any party or against any other. This Stipulation may be filed without further notice with the Clerk of the Court.

This Stipulation shall not be in effect until executed by all parties set forth herein.

Dated: July 5th, 2023

By: _____   By: _Lina Stillman, Esq._
David S. Feather, Esq.   Lina Stillman, Esq.
Feather Law Firm, P.C.   Stillman Legal PC
666 Old Country Road, Suite 605   42 Broadway, 12th Floor
Garden City, New York 11530   New York, New York 10004
*Attorneys for Defendant*   *Attorneys for Plaintiff*
*SKM Carpentry & Remodeling LLC*

**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN BERRIO HERNANDEZ,                    Docket No. 22-cv-06475

          Plaintiff,

    -against-                                **CONFESSION OF JUDGMENT**

BROOKSTONE DEVELOPERS LLC and
SKM CARPENTRY & REMODELING LLC,

          Defendants.
------------------------------------------------------------X

    Nelson Gubolin, being duly sworn, deposes and state as follows:

    1.    This Confession of Judgment is for a debt justly due and owing to Plaintiff for the settlement of the matter in the United States District Court for the Eastern District of New York entitled, *Juan Berrio Hernandez v. Brookstone Developers LLC and SKM Carpentry & Remodeling LLC, Case No. 22-cv-06475-MKB-VMS*

    2.    I am the President and sole shareholder of SKM Carpentry & Remodeling LLC.

    3.    The Plaintiff and Defendant SKM Carpentry & Remodeling LLC have agreed that in the event of a default in the payment that is not cured pursuant to the Settlement Agreement, the Plaintiff shall be entitled to file this Affidavit of Confession of Judgment.

    4.    Defendant SKM Carpentry & Remodeling LLC hereby confesses judgment in favor of Plaintiff and authorizes entry thereof in the sum of TWELVE THOUSAND DOLLARS AND ZERO CENTS ($12,000.00) (100% of the total settlement amount owed by Defendant SKM Carpentry & Remodeling LLC per the Settlement Agreement in this

matter), less any monies paid by Defendant SKM Carpentry & Remodeling LLC or on its behalf pursuant to the Settlement Agreement to the date of the default (the "Amount").

5. The clerk of court is directed to enter judgment against SKM Carpentry & Remodeling LLC, for the Amount upon the submission to the clerk of court of:

a) An affidavit of Plaintiff's counsel, Lina Stillman Esq., that there has been a default on the payment of any agreed-upon installment under the Parties' Settlement Agreement and Release, and that the period to cure such default has expired, and;

b) An affidavit of Plaintiff's counsel, Lina Stillman, Esq., stating the Amount due and owing at the time of default.

6. Defendant's counsel, Feather Law Firm, P.C., is entitled to notice of entry of this Affidavit of Confession of Judgment, to be sent by U.S. Mail to Feather Law Firm, P.C., c/o David Feather, Esq., via U.S. Mail to 666 Old Country Road, Suite 509, Garden City, New York 11530 and e-mail to dfeather@featherlawfirm.com.

7. After entry of judgment, the Plaintiff shall have the right to enforce this judgment and have execution thereon as provided for in the New York State Civil Practice Law and Rules.

8. This Confession of Judgment is not for the purpose of securing Plaintiff against a contingent liability. This confession of judgment is for a sum liquidated in amount that is due and owing.

9. This confession of judgment is not based on a consumer credit transaction.

_____
Nelson Gubollin

Sworn to before me this
05 day of July, 2023.

_____
Notary Public

SUI PING LAU
Notary Public - State of New York
NO. 01LA6245894
Qualified in Kings County
My Commission Expires Aug 8, 2023

12

Scanned with CamScanner